## Philomina V. Shanklin, Plaintiff in Error, v. William Kamin, Defendant in Error.

### Gen. No. 21,129.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and judgment here with finding of facts. Opinion filed February 1, 1916.

### Statement of the Case.

Action by Philomina V. Shanklin, plaintiff, against William Kamin, defendant, in the Municipal Court of Chicago, to recover back money deposited as security for the faithful performance of the covenants of a lease. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

The defendant leased to plaintiff the store and basement of premises known as 1391 Milwaukee avenue, to be occupied as a theater, from July 1, 1910, until April 30, 1913. Plaintiff agreed to pay as rent $5,100, in monthly instalments of $150, except the last three months, which sum of $450 had been paid as security.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The seventh clause provided that: If plaintiff should abandon or vacate the premises, they might be relet by defendant for such rent and upon such terms as he might see fit; and if a sufficient sum should not be realized, after paying the expenses of such reletting and collecting, to satisfy the rent reserved, plaintiff would satisfy and pay all deficiency.

It appeared that plaintiff vacated the premises on the last Sunday in May, 1911 owing defendant $150, as rent for the month of May, 1911.

After the close of all the evidence and before a finding, the defendant asked and obtained leave to file and did file an amended affidavit of merits, in which he alleged in part that plaintiff had abandoned said premises; that defendant "has considered and treated said abandonment by plaintiff and her failure to pay rent *as a termination of the tenancy and cancellation of the lease,* and has made efforts to re-rent the premises to other parties and did so in his own name as owner;" and that in finding new tenants and negotiating new leases he expended time and effort and paid attorney's fees, etc.

The action was tried by the court without a jury. No further evidence was heard after the filing of defendant's amended affidavit of merits, and the court found the issues for defendant.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

DARROW, BAILEY & SISSMAN, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 330*—*when judgment for landlord in action by tenant to recover deposit improper.* In an action to re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

APPELLATE COURTS OF ILLINOIS.

Shanklin v. Kamin, 197 Ill. App. 630.

cover back money deposited to secure faithful performance of a lease which plaintiff abandoned before the end of the term, where defendant's amended affidavit of merits alleged such abandonment and that defendant "has considered and treated said abandonment by plaintiff and her failure to pay rent as a termination of the tenancy and cancellation of the lease," a judgment for defendant is erroneous where it appears that the amount deposited was $450 and the amount owed to defendant by plaintiff at the time of such abandonment was $150, the proper judgment in such case being for plaintiff for $300.

2. LANDLORD AND TENANT, § 326*—*when question of cancellation of lease and termination of tenancy one of fact.* The question whether a lease has been canceled and tenancy thereunder terminated is one of fact.

3. LANDLORD AND TENANT, § 274a*—*when rights of parties as to deposit fixed as of date of cancellation of lease.* Where money is deposited to secure the faithful performance of the covenants of a lease, and the lease is canceled and determined prior to the expiration of its term, the rights of the parties as to the amount deposited are fixed as of the date of such cancellation, and lessor can resort to such deposit only to satisfy rent due or loss accrued at such time.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.